IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE T. COVINGTON, JR. #364601 *
        Plaintiff,
  v.                              * CIVIL ACTION NO. JFM-13-2226

PRINCE GEORGE'S COUNTY POLICE  *
THOMAS K. LANCASTER #1863
DETECTIVE RHONE #1670           *
        Defendants.
                                    *
                              *****

MEMORANDUM

On July 31, 2013, plaintiff, presently incarcerated at the Jessup Correctional Institution, filed this 42 U.S.C. § 1983 civil rights action seeking reimbursement of $10,000.00 for the seizure and destruction of an automobile and its contents in April 2009, by members of the Prince George's County Police Department. ECF No. 1. The complaint is accompanied by plaintiff's motion for leave to proceed in forma pauperis, which shall be granted. The complaint shall, however, be summarily dismissed.

Insofar as plaintiff seeks review under the civil rights statutes for the loss of property allegedly seized from him by local authorities approximately over three years ago, his claim is time-barred.[1] Gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Id.*, at 49; *see also Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983);

---

[1] The state court docket shows that on January 18, 2003, plaintiff was charged with marijuana possession in the District Court for Baltimore City. The charge was stetted on March 26, 2003. *See State v. Berry*, Criminal No. 5B01497795 (copy attached.).

*Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Consequently, upon review of Maryland's limitations provisions, it appears that Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101; *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (state statute of limitations for personal-injury torts applies in a 42 U.S.C. § 1983 action).

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Wallace*, 549 U.S. at 388; *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. *Id*. Here, plaintiff at the latest should have known of his injuries in April of 2009, when the automobile and its contents were allegedly taken from him and destroyed. Because the instant complaint was filed more than three years later, the statute of limitations now bars consideration of plaintiff's civil rights claims.[2]

---

[2] Plaintiff seemingly complains that the taking of his automobile and its contents was unauthorized. In such cases the Due Process Clause of the U.S. Constitution is implicated. Sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) *Juncker* relied on *Parratt* in dismissing a plaintiff's due process claims. Accordingly, although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property.

Because plaintiff's prisoner civil rights case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[3] He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[4] This constitutes the first § 1915(e) strike to be assessed against plaintiff. A separate order follows.

Date: July 31, 2013

\_\_/s/_____
J. Frederick Motz
United States District Judge

---

[3] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[4] 28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.